## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| John Stephen Woodward,<br><br>          Petitioner,<br><br>v.<br><br>Kent Grandlienard,<br><br>          Respondent. | Case No. 15-cv-0545 (PAM/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on John

Stephen Woodward's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254

[Doc. No. 1].  The petition has been referred to this Court for report and recommendation

pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  This Court has conducted a

preliminary review of Woodward's habeas petition pursuant to Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts.  Based on that

review, this Court recommends dismissal of Woodward's petition.

## I.     BACKGROUND

Woodward was convicted of several counts of controlled substance crimes at the

conclusion of a jury trial in Dakota County, Minnesota, in September 2007.  *See State v.*

*Woodward*, No. A08-0074, 2009 WL 66210, at *1-2 (Minn. Ct. App. Jan. 13, 2009)

("*Woodward I*").  He was sentenced to a total of 94 months in prison.  *Id*. at *2.

Woodward appealed primarily on the basis that he had been denied effective assistance of

counsel after representing himself at trial.  *Id*.  The Minnesota Court of Appeals

determined that Woodward had knowingly and voluntarily waived his right to counsel

through his conduct before and at trial, and affirmed Woodward's conviction and

sentence.  *Id*. at *2-3.  The Minnesota Supreme Court denied review on October 20,

2009.

On October 19, 2011, Woodward filed his first motion for post-conviction relief in

state court.  *See Woodward v. State*, No. A13-0041, 2013 WL 6389899, at *1

(Minn. Ct. App. Dec. 9, 2013) ("*Woodward II*").  In this first motion for post-conviction

relief, Woodward requested a new trial "based on claims of ineffective assistance of

counsel, prosecutorial misconduct, and constitutional violations."  *Id*.  The petition was

denied by the trial court, and Woodward's appeal to the Minnesota Court of Appeals was

dismissed as untimely.  *Id*.  The Minnesota Supreme Court again declined review.  *Id*.

Woodward filed a second motion for post-conviction relief on October 12, 2012.

In this motion, Woodward argued that a hearing conducted in the summer of 2012

revealed that the St. Paul crime lab (the location where the controlled substances at issue

at Woodward's trial had been tested) had lax or nonexistent standards for analyzing

controlled substances.  *Id*.  Woodward contended that the only evidence that the

substances at issue in his case were in fact controlled substances were reports from the St.

Paul crime lab, and that reports from that crime lab had since been revealed as inherently

unreliable.  Thus, claimed Woodward, there was inadequate evidence upon which to

sustain the conviction, as the State could not have proved that he was involved with any

controlled substances.

2

The trial court denied Woodward's second motion for post-conviction relief. Under Minnesota law, a motion for post-conviction relief generally "cannot be filed more than two years after the later of '(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal.'" *Woodward II*, 2013 WL 6389899, at *1 (quoting Minn. Stat. § 590.01, subd. 4(a)).  An exception exists for claims based upon newly discovered evidence, *see* Minn. Stat. § 590.01, subd. 4(b)(2), but such a claim "must be filed within two years of the date the claim arises," Minn. Stat. § 590.01, subd. 4(c).  "A [newly-discovered-evidence] claim arises when the petitioner objectively 'knew or should have known' the claim existed." *Woodward II*, 2013 WL 6389899, at *2 (quoting *Sanchez v. State*, 816 N.W.2d 550, 559 (Minn. 2012)).

Woodward conceded before the Minnesota Court of Appeals that his motion was filed more than two years after the disposition of his case on direct review, but he argued that the newly-discovered-evidence exception applied in his case, as the unreliability of the St. Paul crime lab had not come to light until 2012, about five years after his trial had concluded and more than two years after his direct appeal had terminated.  The trial court rejected this argument, finding that Woodward provided "no evidence to support his assertion that he did not know and could not have known of his claim at the time of trial." *Id*.  The Minnesota Court of Appeals determined that the trial court's finding was not clearly erroneous.  Woodward was contesting, in essence, whether the substances identified at trial as methamphetamines were in fact methamphetamines.  *Id.*  But Woodward never argued at any time prior to his second motion for post-conviction relief

3

that the substances were *not* methamphetamines.  *Id.*  Indeed, Woodward did not even

argue in his post-conviction motion that the substances were not methamphetamines; he

argued only that the lab report did not *prove* the substances were methamphetamines.

Had Woodward believed the St. Paul crime lab's findings were erroneous, he would have

known of this error at the time of the trial.  *Id.*  Because Woodward knew of or should

have known in 2007 of his claim that the substances were misidentified, more than two

years passed since the claim arose.  And because more than two years had passed since

the claim arose, the Minnesota Court of Appeals found that the claim was time-barred.

*Id.*  The Minnesota Supreme Court declined review of Woodward's second motion for

post-conviction relief on February 18, 2014.

Almost exactly one year later, on February 19, 2015, Woodward filed a petition

for a writ of habeas corpus in this District.  He placed the petition in the prison mailing

system on February 12, 2015.  (Pet. at 10.)  Woodward raises only the claim brought in

his second motion for post-conviction relief in state court: that the unreliability of the St.

Paul crime lab requires that his conviction for controlled-substance offenses be set aside.

(Pet. at 5.)

## II.    ANALYSIS

As an initial matter, an analysis of the record indicates that Woodward's petition is

almost certainly time-barred.  Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for
> a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run
> from the latest of —

4

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

There is no question that Woodward's petition fails to satisfy the requirements of § 2244(d)(1)(A), (B), and (C). First, Woodward's conviction became final in 2010, and even excluding the time during which post-conviction motions were pending in state court, *see* 28 U.S.C. § 2244(d)(2), well over a year passed between the date Woodward's conviction became final and the date he filed his habeas petition. Second, Woodward does not allege there was ever any impediment created by state action to his seeking habeas relief. Third, Woodward does not assert he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court.

Thus, Woodward's petition is timely only if it was presented within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). It is

5

extraordinarily unlikely that is the case here.  The Minnesota Supreme Court denied review of Woodward's second motion for post-conviction relief on February 18, 2014. Woodward placed his habeas petition in the prison mailing system on February 12, 2015. *See* Petition at 10.  In other words, nearly a full year passed between the conclusion of state review of Woodward's claim and the filing of his habeas petition.  Only if Woodward filed his second petition for post-conviction relief in state court *within six days* of discovering the alleged improprieties of the St. Paul crime lab could his current habeas petition be considered timely.  That is highly improbable.

Moreover, even this calculation assumes that Woodward could not have discovered the factual predicate of his claim until 2012, as he asserts in his petition.  The Minnesota Court of Appeals rejected this view, finding that Woodward could have challenged the accuracy of the St. Paul crime lab's testing as early as the 2007 trial.  If this finding is correct—and findings of fact made by state courts are entitled to a presumption of correctness on habeas review, *see* 28 U.S.C. § 2254(e)(1)—then the limitations period for Woodward's claim expired long ago under § 2244(d)(1)(D) as well.

But even if Woodward's habeas petition were timely, it should be denied.  A claim is reviewable in a § 2254 habeas corpus proceeding only if that claim was first fairly presented to the highest available state court.  *See* 28 U.S.C. § 2254(b)(1).  Where an independent and adequate state procedural rule results in the default of a prisoner's claims in state court, that prisoner is generally barred from federal habeas review of those claims.  *See Coleman v. Thompson*, 501 U.S. 722, 731-32, 750 (1991).  "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners

6

would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." *Id*. at 732. "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Id.*

Woodward's second motion for post-conviction relief was denied entirely on the basis of a state procedural rule: he filed his motion too late. *See Woodward II*, 2013 WL 6389899, at *2. This procedural misstep deprived the state courts of the opportunity to review the merits of Woodward's underlying claim. And this default, in turn, prevents this Court from reviewing the merits of Woodward's habeas petition.

There are two narrow exceptions to this procedural-default rule: "[F]ederal habeas review of [defaulted] claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Neither exception applies here, however.

First, Woodward's petition suggests no adequate cause for his default. The cause-and-prejudice exception ordinarily "turn[s] on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The only possible "objective factor" identified in Woodward's petition as impeding the development of his claim is the alleged unavailability of the evidence regarding the unreliability of the  St. Paul crime lab. But again, as pointed out by the Minnesota Court of Appeals, the substance of the claim Woodward wishes to present in his habeas

petition—that the government has not proved that the substances at issue were illegal methamphetamines—could have been raised in the state courts as early as the 2007 trial. *See Woodward II*, 2013 WL 6389899, at *2.

Second, the fundamental-miscarriage-of-justice exception if available only "when the petitioner makes a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "[A] petitioner cannot simply point to errors that allegedly occurred during the course of his state criminal case; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the crime for which he was convicted." *Maxwell v. Gau*, No. 12-CV-1770, 2014 WL 1371912, at *10 (D. Minn. Apr. 8, 2014) (citing *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011)).

Woodward falls short of meeting this exception as well. He has not presented any affirmative evidence in *any* post-conviction proceeding, in either state or federal court, indicating that he is actually innocent of the crimes for which he was convicted. In fact, Woodward does not even *allege* in his habeas petition that the substances tested at the St. Paul crime lab were not methamphetamines. Instead, Woodward merely claims that the St. Paul crime lab has made mistakes in the past, and that the lab report in his case was therefore insufficiently reliable for the jury to conclude that the substances were truly methamphetamines. But the St. Paul crime lab's previous errors in other cases, even if proved, would not show that Woodward was actually innocent of the crimes for which he

was convicted.  Accordingly, Woodward cannot invoke the fundamental-miscarriage-of-justice exception.

In sum, Woodward's claim is procedurally barred, and likely untimely.  Because his claim is procedurally barred and no exception to the procedural-default rule applies in this case, this Court recommends that Woodward's habeas petition be denied.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Woodward's current habeas corpus petition differently than it is being treated here. Woodward has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.  It is therefore recommended that Woodward not be granted a COA in this matter.

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. John Stephen Woodward's petition for a writ of habeas corpus [Doc. No. 1] be **DENIED**;

2.  This action be **DISMISSED**; and

3.  No certificate of appealability be issued.


Dated: March 4, 2015                                  *s/ Hildy Bowbeer*
                                                       HILDY BOWBEER
                                                       United States Magistrate Judge


## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 23, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.