UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Stephen Woodward,                                    Case No. 15-cv-545 (PAM/HB)

Petitioner,

v.                                                       **MEMORANDUM AND ORDER**

Kent Grandlienard,

Respondent.

_____

This matter is before the Court on the Report and Recommendation ("R&R") of

Magistrate Judge Hildy Bowbeer dated March 4, 2015.  The R&R recommends that the

Court deny Woodward's Petition for a Writ of Habeas Corpus on the grounds that is time

barred and procedurally barred.  After receiving two extensions to do so, Woodward has

filed objections to both of the R&R's recommended grounds for denial.  According to

statute, the Court must conduct a de novo review of any portion of the R&R to which

specific objections are made.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn.

L.R. 72.2(b).  Based on that de novo review, the Court overrules Woodward's objections

and adopts the R&R.

**BACKGROUND**

In 2007, Woodward was convicted in Minnesota district court of multiple drug

offenses for selling methamphetamine and sentenced to 94 months in prison.  (R&R

(Docket No. 5) 1.)  He appealed the conviction, arguing that he was denied effective

assistance of trial counsel because he represented himself at trial.  (Id. at 1-2.)  The

Minnesota Court of Appeals held that Woodward knowingly and voluntarily waived his

right to counsel and affirmed the conviction.  (Id. at 2.)  The Minnesota Supreme Court declined review in 2009.  (Id.)

Two years later, Woodward filed his first postconviction petition in state court, reiterating his ineffective-assistance claim.  (Id.)  The district court denied the petition, the Minnesota Court of Appeals dismissed Woodward's appeal of the denial as untimely, and the Minnesota Supreme Court declined review.  (Id.)

In 2012, Woodward filed a second postconviction petition in state court, contending that the St. Paul crime lab, whose report found that the controlled substances in his case were methamphetamine, lacked reliable standards for analyzing controlled substances and thus that the evidence at trial was insufficient to support his conviction. (Id.)  The district court denied the petition as untimely under Minnesota's two-year statute of limitations for postconviction petitions.  (Id. at 3.)  In so ruling, the district court rejected Woodward's argument that the newly-discovered-evidence exception to the limitations period saved his petition because he should have known of his claim in 2007.  (Id. at 3.)  The Minnesota Court of Appeals affirmed and, in 2014, the Minnesota Supreme Court again declined review.  (Id. at 3-4.)

Nearly one year later, Woodward filed a Petition for a Writ of Habeas Corpus in this Court under 28 U.S.C. § 2254.  (Docket No. 1.)  He raised the only claim asserted in his second postconviction petition, that the unreliability of the St. Paul crime lab compels reversal of his conviction.  (Id.)  Magistrate Judge Bowbeer recommended denying the Petition as untimely and procedurally defaulted.  (Id. at 4-10.)  Woodward now objects to that recommendation.

## DISCUSSION

### A.      Timeliness

Woodward first objects to the R&R's conclusion that his Petition is untimely because he did not file it within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  He argues that he did file it within one year of that date because he could not have raised concerns about the reliability of the St. Paul crime lab until 2012.  But the R&R correctly defers to the Minnesota Court of Appeals's finding that Woodward could have challenged the accuracy of the crime-lab evidence in 2007.  That state-court finding of fact is presumed to be correct, and Woodward has presented no evidence, let alone "clear and convincing" evidence, to rebut that presumption.  See 28 U.S.C. § 2254(e)(1).  As the one-year limitations period therefore expired long ago, the Petition is untimely.

Further, Woodward's objections to the R&R's remaining timeliness analysis lack any merit.  First, he cannot avail himself of McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), which established a gateway for untimely habeas claims in the event of a tenable actual-innocence claim, because he has never alleged or presented evidence showing his innocence on the basis that the tested substances were not methamphetamine.  Second, he has failed to explain how his excuses for the delay in his filing of the Petition—his attorney's delay in requesting discovery and his placement in solitary confinement—constitute either state action or unlawful action.  See 28 U.S.C. § 2244(d)(1)(B).  And finally, the recent McQuiggan decision is immaterial because 28 U.S.C. § 2244(d)(1)(C)

3

requires the Supreme Court to recognize a new constitutional right for that decision to apply retroactively, and the Supreme Court did not do so in <u>McQuiggan</u>.

## B.   Procedural Default

Woodward also objects to the R&R's conclusion that even if his Petition were timely, it would be procedurally defaulted by the exhaustion requirement of 28 U.S.C. § 2254.   He insists that he has exhausted his remedies in state court because he previously asked the Minnesota Supreme Court to review his claim, but his request was denied.   As the R&R points out, however, a federal court is generally barred from reviewing a state prisoner's habeas claims when an independent and adequate state procedural rule results in the default of those claims in state court.   <u>See</u> <u>Coleman v. Thompson</u>, 501, U.S. 722, 731-32, 750 (1991).   The untimeliness of Woodward's second postconviction petition raising the same claim he asserts here precluded the Minnesota Supreme Court from evaluating the merits of that claim and likewise prevents this Court from addressing the merits of this Petition.   And given that neither of the procedural-default exceptions (adequate cause and miscarriage of justice) apply, as the R&R details, Woodward's Petition, even if not time barred, would be procedurally barred.

## C.   Certificate of Appealability

Finally, the R&R recommends that a certificate of appealability should not issue. The timeliness and procedural default principles at play are not "debatable among reasonable jurists."   <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994).   Rather, it is well-settled that a state prisoner must properly present a claim for review to all levels of state court before a federal court can grant habeas relief on that claim.   And assuming the

prisoner does so, he must still timely assert the claim in federal court.  Woodward has not raised any "colorable issue worthy of an appeal."  <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  The Court will not issue a certificate of appealability.

**CONCLUSION**

Woodward has not established that his Petition is timely or exempt from procedural default.  Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 5) is **ADOPTED**;

2. Woodward's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3. This action is **DISMISSED** with prejudice; and

4. No certificate of appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>June 4, 2015</u>                    <u>s/ Paul A. Magnuson</u>
                                             Paul A. Magnuson
                                             United States District Court Judge